Bruce H. Jackson, State Bar No. 98118
 bruce.jackson@bakermckenzie.com
Christina M. Wong, State Bar No. 288171
 christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111
Telephone:  +1 415 576 3000
Facsimile:  +1 415 576 3099

Attorneys for Plaintiff
SIME DARBY JOMALINA SDN BHD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIME DARBY JOMALINA SDN BHD, a Malaysian corporate entity,<br><br>             Plaintiff,<br><br>     v.<br><br>HORNBILL FOODS CORP., a California corporation,<br><br>             Defendant. | **Case No.  CV-13-1837 KAW**<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>1.  **BREACH OF CONTRACT**<br>2.  **ACCOUNT STATED**<br>3.  **UNJUST ENRICHMENT**<br>4.  **PROMISSORY ESTOPPEL**<br>5.  **QUANTUM MERUIT** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

Case No. CV-13-1837 KAW
FIRST AMENDED COMPLAINT

1. Plaintiff SIME DARBY JOMALINA SDN BHD ("Plaintiff Sime Darby" or "Plaintiff") brings this action against HORNBILL FOODS CORP. ("Defendant Hornbill" or "Defendant") and alleges:

## PARTIES

2. Plaintiff Sime Darby is, and at all times mentioned herein was, a Malaysian corporate entity, with its principal place of business at 2 Jalan PJU 1A/7, Ara Damansara, 47301 Petaling Jaya, Selangor Darul Ehsan, Malaysia, that conducts business internationally.

3. Plaintiff Sime Darby is informed and believes, and on that basis alleges, that Defendant Hornbill is a corporation organized and existing under the laws of the State of California, having its principal place of business located at 4059 Balfour Drive, Oakland, CA 94610.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 USC §1332 in that the Complaint is between a citizen of a foreign country and a citizen of a state and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant Hornbill because Defendant Hornbill is authorized to do and does business in California. Moreover, Defendant Hornbill is a California corporation with its principal place of business in Oakland, California, which is within this Court's jurisdiction.

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because Defendant Hornbill is a corporate resident of California, organized under the laws of the state of California and doing business in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. Assignment of this action to the Oakland Division is proper under Civil Local Rules 3-2(c) and 3-2(d) in that a substantial part of the events giving rise to the claims alleged occurred in the County of Alameda.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. Plaintiff Sime Darby is in the business of harvesting and manufacturing sustainable food products, of which its primary product is palm oil. Defendant Hornbill requested various food

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

2

Case No. CV-13-1837 KAW
FIRST AMENDED COMPLAINT

products (the "Product") from Plaintiff Sime Darby matching certain specifications for a price certain.

9. At the request of Defendant Hornbill, Plaintiff Sime Darby has furnished and delivered goods, equipment, labor, services, materials, and/or supplies to Defendant Hornbill in the form of the Product. Plaintiff Sime Darby and Defendant Hornbill contracted for the sale and delivery of the Product through a series of written purchase orders (the "Purchase Orders") from February 16, 2011 to April 8, 2011. These Purchase Orders required payment "net 60 days."

10. Plaintiff Sime Darby delivered the Product in compliance with the Purchase Orders during the period between February 16, 2011 and April 8, 2011. Defendant Hornbill in all instances accepted delivery of the Product and has retained and utilized the Product for its own purposes.

11. In accordance with the terms of the Purchase Orders, Sime Darby sought payment for the same through its normal invoicing procedures, as follows:

   a. On February 16, 2011, Plaintiff Sime Darby sent Invoice No. 3016021553, totaling $106,579.20.

   b. On March 7, 2011, Plaintiff Sime Darby sent Invoice No. 3016022085, totaling $56,448.00, Invoice No. 3016022086, totaling $108,192.00, Invoice No. 3016022087, totaling $107,016.00, Invoice No. 3016022088, totaling $26,754.00, and Invoice No. 3016022089, totaling $4,880.00.

   c. On March 14, 2011, Plaintiff Sime Darby sent Invoice No. 3016022153, totaling $215,306.00.

   d. On March 21, 2011, Plaintiff Sime Darby sent Invoice No. 3016022307, totaling $134,017.00, and Invoice No. 3016022308, totaling $107,213.00.

   e. On March 18, 2011, Plaintiff Sime Darby sent Invoice No. 3016022452, totaling $161,479.50.

   f. On March 26, 2011, Plaintiff Sime Darby sent Invoice No. 3016022582, totaling $322,959.00.

   g. On March 27, 2011, Plaintiff Sime Darby sent Invoice No. 3016022596, totaling $53,606.80, Invoice No. 3016022597, totaling $107,213.60, and Invoice No. 3016022598, totaling $80,410.20.

   h. On April 1, 2011, Plaintiff Sime Darby sent Invoice No. 3016022652, totaling $134,566.25.

   i. On April 4, 2011, Plaintiff Sime Darby sent Invoice No. 3016022653, totaling $134,017.00, and Invoice No. 3016022654, totaling $134,017.00.

3

Case No. CV-13-1837 KAW
FIRST AMENDED COMPLAINT

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

j. And on April 8, 2011, Plaintiff Sime Darby sent Invoice No. 3016022921, totaling $107,653.00, Invoice No. 3016022922, totaling $107,653.00, and Invoice No. 3016022923, totaling $53,826.50.

12. Though Defendant Hornbill paid parts of some of Plaintiff Sime Darby's invoices, it has failed to pay others at all, leaving an outstanding balance of $2,706,708.23 as of February 28, 2013, despite Plaintiff Sime Darby's efforts to collect on these amounts.

13. The aforementioned invoices (collectively the "Invoices") reflect the nature and extent of the Product provided to Defendant Hornbill, the amount owed for the Product, and further reflect the payment terms of "net 60 days." The Invoices reflect amounts due for Product that was delivered over two years ago. Some or all of each of the Invoices remains outstanding, the sum total of which is $2,263,807.50 in principal and $442,901.18 in interest as provided for in the purchase orders.

14. In connection with the supply of the Product and the issuance of the referenced Invoices, Plaintiff Sime Darby has engaged in numerous efforts to collect the outstanding amounts, all to no avail. These efforts have included both a series of reminders, sent in the summer of 2012, and a series of demand letters sent in February 2013. In its demand letters, and consistent with the amounts detailed above, Plaintiff Sime Darby demanded $2,706,708.23 for amounts due and owing under Invoices for Product delivered to Defendant Hornbill. Defendant Hornbill has at all times refused and failed to pay the outstanding amounts.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

15. Plaintiff Sime Darby hereby incorporates by reference the allegations contained in paragraphs 1 through 14, inclusive.

16. Plaintiff Sime Darby and Defendant Hornbill entered into a series of valid and enforceable contracts between February 16, 2011 and April 8, 2011 for the manufacture and delivery of the Product.

17. Plaintiff Sime Darby has fully performed all of its material contractual obligations required under the contract.

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

Case No. CV-13-1837 KAW
FIRST AMENDED COMPLAINT

18. Defendant Hornbill has breached the terms and conditions of the contract by failing to perform as required thereunder, namely by refusing to compensate Plaintiff Sime Darby for the goods, equipment, labor, services, materials, and/or supplies furnished and amounts invoiced and by such other acts and omissions as may be determined herein.

19. Defendant Hornbill owes approximately $2,706,708.23 to Plaintiff Sime Darby under the contracts between the parties, as detailed above.

## SECOND CAUSE OF ACTION

### (Account Stated)

20. Plaintiff Sime Darby hereby incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive.

21. From February 16, 2011 to April 8, 2011, Plaintiff Sime Darby provided valuable goods, equipment, labor, services, materials, and/or supplies -- in the form of the Product -- to Defendant Hornbill on an open account. Defendant Hornbill received and accepted the Product and became bound to pay Plaintiff Sime Darby its designated charges, which were reasonable and customary for such goods, equipment, labor, services, materials, and/or supplies. The account accurately sets forth the specific goods, equipment, labor, services, materials, and/or supplies provided by Plaintiff Sime Darby, the relevant dates of performance, and the prices of the goods, equipment, labor, services, materials, and/or supplies Plaintiff Sime Darby provided to Defendant Hornbill.

22. After Plaintiff Sime Darby provided the Product to Defendant Hornbill, Plaintiff Sime Darby received only partial payment from Defendant Hornbill. Defendant Hornbill's partial payments are fully accounted for and credited to the account. The balance on Defendant Hornbill's account for Product delivered to Defendant Hornbill is $2,706,708.23.

23. After repeated contacts with Defendant Hornbill, and after multiple pleas for payment, Defendant Hornbill has still refused to pay this $2,706,708.23. This amount is due to Plaintiff Sime Darby under Defendant Hornbill's open account.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

24. Plaintiff Sime Darby hereby incorporates by reference the allegations contained in paragraphs 1 through 23, inclusive.

25. Defendant Hornbill promised to pay Plaintiff Sime Darby to manufacture certain goods, equipment, labor, services, materials, and/or supplies (i.e., the Product), and deliver the Product to Defendant Hornbill. Plaintiff Sime Darby reasonably, substantially, and detrimentally relied on Defendant Hornbill's promise to pay; and thereafter provided the equipment, labor, services, materials, and/or supplies; manufactured those goods and shipped them to the United States of America at significant cost to Plaintiff Sime Darby in both time and money.

26. Plaintiff Sime Darby's reliance on these promises to pay was fully foreseeable to Defendant Hornbill. Defendant Hornbill has breached that promise to pay by withholding $2,706,708.23 from Plaintiff Sime Darby, an injustice that can be avoided only by enforcing Defendant Hornbill's promise to pay.

27. Additionally, Defendant Hornbill was unjustly enriched when Plaintiff Sime Darby conferred a benefit on Defendant Hornbill by providing it with valuable goods, equipment, labor, services, materials, and/or supplies in the form of the manufactured Product. Defendant Hornbill was aware that the Product was valuable and that Defendant Hornbill benefited from the Product, while Plaintiff Sime Darby would suffer a detriment through actual and opportunity costs in providing the Product to Defendant Hornbill without payment. Defendant Hornbill's acceptance and retention of the Product and its benefits, without payment to Plaintiff Sime Darby, would be inequitable.

28. Plaintiff Sime Darby seeks restitution for all of Defendant Hornbill's unjust enrichment, including all payments, profits, and revenues Defendant Hornbill obtained as a result of its wrongful conduct.

## FOURTH CAUSE OF ACTION

### (Promissory Estoppel)

29. Plaintiff Sime Darby hereby incorporates by reference the allegations contained in

paragraphs 1 through 28, inclusive.

30. Defendant Hornbill's promise to pay Plaintiff Sime Darby was clear and unambiguous.

31. As alleged above, Plaintiff Sime Darby relied on Defendant Hornbill's promises to pay Plaintiff Sime Darby for the manufacture of certain goods, including equipment, labor, services, materials, and/or supplies (i.e., the Product), and deliver the Product to Defendant Hornbill. Plaintiff Sime Darby reasonably, substantially, and detrimentally relied on Defendant Hornbill's promise to pay.

32. Plaintiff Sime Darby's reliance was reasonable and foreseeable to Defendant Hornbill. Defendant Hornbill has breached that promise to pay by withholding $2,706,708.23 from Plaintiff Sime Darby, an injustice that can be avoided only by enforcing Defendant Hornbill's promise to pay.

33. As a direct and proximate result of Defendant Hornbill's acts as alleged, Plaintiff Sime Darby has been damaged in an amount to be proven at trial of no less than $2,706,708.23.

## FIFTH CAUSE OF ACTION

### (Quantum Meruit)

34. Plaintiff Sime Darby hereby incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive.

35. Plaintiff Sime Darby provided services and goods to Defendant Hornbill and incurred costs at Defendant Hornbill's request,

36. Defendant Hornbill promised to pay for the services and goods Plaintiff Sime Darby provided for $2,706,708.23. However, Defendant Hornbill has refused, and continues to refuse, to pay Plaintiff Sime Darby for the services rendered and costs incurred.

37. As a direct and proximate result of Defendant Hornbill's failure to pay Plaintiff Sime Darby for the legal services rendered and costs incurred, Plaintiff Sime Darby should be reimbursed the reasonable value of those services and goods in an amount to be proven at trial, but no less than $2,706,708.23

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

7

Case No. CV-13-1837 KAW
FIRST AMENDED COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sime Darby, by its attorneys, respectfully requests this Court enter judgment in its favor and against Defendant Hornbill as set forth below:

a. For damages in the amount according to proof, but no less than $2,706,708.23;

b. For interest on damages according to proof at the maximum rate as allowed by law;

c. For costs of suit incurred herein, including reasonable attorneys' fees, as allowed by law;

d. For all further relief as this Court may deem just and proper.


Dated:  April 29, 2013             BAKER & McKENZIE LLP
                                   Bruce H. Jackson
                                   Christina M. Wong


                                   By: /s/ Christina M. Wong
                                       Christina M. Wong
                                       Attorneys for Plaintiff
                                       SIME DARBY JOMALINA SDN BHD

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: +1 415 576 3000

6679452-v1\SFODMS

8

Case No. CV-13-1837 KAW
FIRST AMENDED COMPLAINT