IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIME DARBY JOMALINA SDN BHD, <br><br> Plaintiff, <br> v. <br> HORNBILL FOODS CORP., <br><br> Defendant. <br> ─────────────────────────── <br> AND RELATED CROSS-COMPLAINT. | No. C 13-1837 SI <br><br> **ORDER GRANTING CROSS-DEFENDANT WESTERN PACIFIC OILS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Cross-defendant Western Pacific Oil, LLC's motion for judgment on the pleadings on cross-complainant Hornbill Foods Corporation's cross-claims is scheduled for a hearing on February 7, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion.

**DISCUSSION**

This lawsuit arises from business dealings between plaintiff Sime Darby Jomalina SDN BHD ("Sime Darby") and defendant Hornbill Foods Corporation ("Hornbill"). On April 22, 2013, Sime Darby filed suit against Hornbill for allegedly failing to pay Sime Darby $2,706,708.23 for food products that Hornbill purchased and received from Sime Darby in 2011. On June 17, 2013, Hornbill filed an

answer, and also filed cross-claims against Western Pacific Oil, LLC ("WPO"), seeking indemnification and contribution based on the allegation that Hornbill was serving as WPO's agent in Hornbill's dealings with Sime Darby.

On January 3, 2014, WPO filed a motion for judgment on the pleadings on Hornbill's cross-claims. WPO's motion contends that Hornbill's cross-claims are barred by a May 22, 2012 settlement agreement between WPO and Hornbill, pursuant to which Hornbill generally released "any and all claims . . . known and unknown" against WPO in exchange for $143,646 from WPO. Docket No. 34-1 at ¶ 1. Hornbill and WPO acknowledged in the agreement "that they have been advised by legal counsel and are familiar with the provision of Section 1542 of the California Civil Code, which provides as follows: 'A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.'" *Id.* ¶ 3(f). The agreement further provided, "Being aware of Civil Code section 1542, [WPO and Hornbill] expressly waive and relinquish any rights or benefits they may have thereunder, as well as under any other state or federal statutes or common law principles of similar effect." *Id.* ¶ 3(g). Finally, the agreement barred Hornbill and WPO from initiating litigation of any kind against each other. *Id.* ¶ 3(b).

Hornbill's opposition to WPO's motion for judgment on the pleadings was due January 17, 2014. Hornbill did not file an opposition, and on January 20, 2014, and January 23, 2014, WPO filed a Notice of Non-Opposition and a Further Notice of Non-Opposition. The Further Notice of Non-Opposition states that Hornbill informed WPO by a letter dated January 21, 2014 that it did not intend to oppose the motion for judgment on the pleadings, and that Hornbill agreed to dismiss WPO with prejudice. WPO also filed a copy of the January 21, 2014 letter from Hornbill. Docket No. 36.

The Court concludes that based upon this record, WPO is entitled to judgment on Hornbill's cross-claims against WPO. The settlement agreement expressly released all known and unknown claims of any kind between Hornbill and WPO and barred further litigation between Hornbill and WPO. "According to the California Supreme Court, a release is the 'abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced . . . and its

effect is to extinguish the cause of action.' 'In general, a written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress, or undue influence.'" *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (internal citations omitted); *see also Petro-Ventures, Inc. v. Takessian*, 967 F.2d 1337, 1342 (9th Cir. 1992) ("There is no doubt that the language of the release is unambiguous in conveying the intent of the parties to release all unknown claims, particularly where they waived the applicability of California Code Section 1542."). Hornbill does not contend that release was obtained by fraud, deception, misrepresentation, duress, or undue influence, and indeed does not oppose the motion at all. Accordingly, the Court GRANTS WPO's motion for judgment on the pleadings without leave to amend. Docket No. 34.

**IT IS SO ORDERED.**

Dated: January 29, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE